UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3116-BO

| | |
|---|---|
| ERIC MURCHISON, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>SGT. HARDY, )<br>       Defendant. ) | O R D E R |

On May 19, 2014, Eric Murchison, a state pretrial detainee at the time, filed this civil rights action pursuant to 42 U.S.C. § 1983. Compl., D.E. 5. After the 28 U.S.C. § 1915 review, the court allowed the claims against defendant Hardy to move forward. Order, D.E. 9. Defendant is now before the court with a motion to dismiss in which the affirmative defense of failure to exhaust one's administrative remedies is asserted. Mot. to Dismiss, D.E. 27. Plaintiff was given proper notice and timely filed a response. Response, D.E. 34. In this posture, the mater is ripe for determination.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Nemet

Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1949–50. Similarly, a court need "not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). The PLRA's exhaustion requirement applies to all prisoner "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA requires a "prisoner" to exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). The exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured

by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

The PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 675 (4th Cir. 2005). Rather, a defendant must plead and prove the failure to exhaust. See id. at 681.

Here, defendant asserts failure to exhaust. Wayne County Detention Center has a grievance process which is outlined on the forms to be filled out by the inmate and which is explained in the Wayne County Detention Center Inmate Rules and Regulations provided to the inmates upon their arrival as well as on the grievance forms. Answer, D.E. 26, Exhibits A, B and C. Plaintiff does not assert that there were no grievance procedures in place, or that he was unaware of any. See Compl. and Responses. Plaintiff asserts that he did not file any grievances because he witnessed another unidentified inmate have all his property taken for filing a lawsuit, and plaintiff is scared of being returned to lockdown. Compl., at 3, III. Exhaustion of Inmate Admin. Remedies.

"[A]n administrative remedy is not 'available' under the PLRA if 'prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy.'" Tuckel v. Grover, 660 F.3d 1249, 1252 (10th Cir. 2011) (quoting Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010)). District courts must, therefore, "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." Tuckel, 660 F.3d at 1252

(quoting Aquilar–Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007)); see Blake v. Ross, 787 F.3d 693, 700–01 (4th Cir.2015); see also Moore, 517 F.3d at 725. In this instance, a blanket assertion about another unidentified inmate, that inmate's property, and that inmate's attempt to file a lawsuit, not a grievance, fails to meet this standard. Plaintiff never asserts that anything he did was discouraged, prevented, thwarted, or hindered by any guard or jail official. The matter is DISMISSED without prejudice.

iii. Conclusion

Accordingly, defendant's motion to dismiss [D.E. 27] is GRANTED and the case is DISMISSED WITHOUT PREJUDICE. All other pending motions are DENIED as MOOT. The clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the 6 day of November 2015.

TERRENCE W. BOYLE
United States District Judge